```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEY,

                    Plaintiff,         07 Civ. 2353 (JGK)

    - against -                 MEMORANDUM OPINION AND ORDER

SEPRACOR,

                    Defendant.

JOHN G. KOELTL, District Judge:

    Defendant Sepracor has filed objections to Magistrate Judge Ellis's May 19, 2009 Order finding that plaintiff Dey had not waived its attorney-client privilege by producing certain documents concerning prosecution and inventorship of the patents at issue and by producing a declaration by its attorney in opposition to a motion by Sepracor to amend its counterclaims. There was nothing clearly erroneous or contrary to law in the Magistrate Judge's Order and the objections are therefore overruled. See Fed. R. Civ. P. 72(a).

    The Magistrate Judge reasonably concluded that the Stipulated Protective Order (Pl.'s Ex. 2, ¶ 18) allowed Dey to demand the return of privileged documents that it claimed were inadvertently produced. The record reveals some basis for the claim of inadvertent production given the small number of documents compared to the substantial number of documents produced. In any event, the Stipulated Protective Order did not

provide for a dispute over the question of inadvertent production. If a party claimed that there was inadvertent production and demanded the return or destruction of the documents, the only defense provided for in the Stipulated Protective Order was a claim that the documents were not privileged. The parties reasonably agreed that the documents would be returned or destroyed unless they were found not to be privileged. (Pl.'s Ex. 2, ¶ 18.) As the Magistrate Judge noted, the parties could reasonably have determined not to litigate the issue of whether documents were inadvertently produced under the common law definitions of such inadvertent production if the documents were in fact privileged. Cf. Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., No. 96 Civ. 7590, 1997 WL 736726, at *4 (S.D.N.Y. Nov. 26, 1997) ("The parties drafted this provision to provide for the out-of-court resolution of inadvertent production issues and to avoid litigating these issues."). Therefore, Dey did not waive its attorney-client privilege by producing documents that it subsequently sought to have returned or destroyed pursuant to the Stipulated Protective Order which explicitly provided that the inadvertent production of attorney-client privileged documents would not constitute a waiver.

The Magistrate Judge also reasonably concluded that the submission of the brief declaration in opposition to the motion

to amend the counterclaims did not waive the attorney-client privilege and did not assert a defense of advice of counsel or good faith defense. In this context, the Court notes that Sepracor submitted a reply letter which Dey asks the Court to strike because it relies on the attorney's deposition that occurred after the Magistrate Judge's ruling in this case. The Court has not considered the reference to the deposition that occurred after the Magistrate Judge's ruling. The Court has otherwise considered the reply letter but it does not change the result in this case. The Court notes that if Sepracor believes that events have transpired after the Magistrate Judge's ruling, it can move for reconsideration before the Magistrate Judge. The Court also notes that the Magistrate Judge specifically noted that he did not consider that Dey was relying on a defense of advice of counsel or a good faith defense based on its attorney's advice. Dey has repeated those assertions in its papers in this Court. If that were not the case, then the issues of the scope of discovery could be revisited before the Magistrate Judge.

    For the foregoing reasons, the Objections are overruled.

SO ORDERED.

Dated:    New York, New York
            July 15, 2009

                                              John G. Koeltl
                                           United States District Judge