USDC COPY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1 2 - 8 - 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEY, L.P., et al.,

                             **Plaintiffs,**

          - against -

SEPRACOR, INC.,

                             **Defendant.**

SEPRACOR, INC.,

                    **Counterclaim Plaintiff,**

          - against -

DEY, L.P., et al.,

                  **Counterclaim Defendants.**

**MEMORANDUM OPINION
AND ORDER**

**07 Civ. 2353 (JGK) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. Introduction

On July 19, 2010, Plaintiffs Dey L.P., Dey Inc. and Mylan Inc. (collectively, "Dey")
served a privilege log on Defendant Sepracor Inc. ("Sepracor") containing 170 entries. Sepracor
contends that Dey's assertion of privilege was not timely because it was raised two years after
Dey decided to withhold the documents, and requests the Court order Dey to produce the
documents. Dey argues that it has acted in good faith, and Sepracor's request should be denied
because the request is untimely and the documents are not relevant to Sepracor's claims. After
reviewing the parties submissions, the Court finds that Dey's assertion of privilege is untimely,
and that Dey has waived privilege for the documents in its July 2010 privilege log. Accordingly,
Sepracor's request is **GRANTED**, and Dey is ordered to produce the 170 documents.

## II. Background

On April 3, 2008, Dey served a privilege log on Sepracor. (Sepracor's August 12, 2010
("Aug. 12 Letter") Letter at 1.) Between May 2008 and July 2008, the parties exchanged a

number of letters relating to alleged deficiencies in the privilege logs served by both parties. (Dey's August 20, 2010 ("Dey Letter") Letter at 3.)  On July 30, 2008, Dey served a revised privilege log on Sepracor, which did not contain a number of entries that had appeared in the April 2008 privilege log.  (Aug. 12 Letter at 1.)  When it provided the revised log, Dey informed Sepracor that it expected to produce additional responsive documents that it had "reconsidered claiming privilege on and removed from its privilege log" by early the following week.  (*Id.* Ex. 2, at 1.)  Fact discovery in this case ended on August 28, 2009.  (Fifth Amended Scheduling Order, ECF No. 90.)

On February 2, 2010, Sepracor inquired about the status of documents that were removed from the April 2008 privilege log but had not been produced.  (Dey Letter at 2.)  On March 11, 2010, Dey identified 22 documents that it had provided to Sepracor after removing them from the July privilege log.  (*Id.*)  On July 14, 2010, Dey produced additional records that it had removed from the privilege log, and identified 71 other removed documents that it had previously provided to Sepracor.  (*Id.*)  On July 19, 2010, Dey produced a privilege log that contained 170 entries that were included in the April 3, 2008 privilege log but not in the revised July 2008 privilege log.  (*Id.*)

Sepracor contends that Dey waived privilege to the 170 documents because it improperly withheld the documents without logging them as privileged for over two years.  (Aug. 12 Letter at 1.)  Sepracor argues that at least one of the documents, "Entry 1902," should have been produced for a previous *in camera* review conducted by this Court, in which Dey was ordered to identify and produce any documents containing Dr. Imatiaz Chaudry's handwriting.  (*Id.* at 2.) Furthermore, Sepracor argues that Entry 1902 is relevant to its inequitable conduct allegations because it relates to misrepresentations made by Dr. Chaudry to the Patent Office during the

prosecution of the '496 patent. (*Id.*)

Dey argues that it has acted in good faith, and that it has diligently produced millions of documents and generated numerous corresponding privilege logs in response to Sepracor's document requests. (Dey Letter at 4.) Furthermore, Dey contends that Sepracor's instant request is untimely because Sepracor waited until February 2010, a full year and a half after the documents were removed from the logs, to ask about the missing documents. (*Id.* at 2.) Dey additionally claims that it removed the documents at issue from the privilege log in July 2008 because they were not relevant, and they did not want to over-burden Sepracor with documents that had no bearing on the claims or defenses of either party. (*Id.* at 2-3.) Dey disputes Sepracor's contention that Entry 1902 is relevant, and provided the document for *in camera* review. (*Id.* at 3.) Dey asserts that the '496 patent application is not at issue in any of the patents-in-suit, and denies that Entry 1902 is relevant to Sepracor's inequitable conduct claim, which Dey notes was first asserted by Sepracor in its Amended Complaint filed in January 2009. (*Id.*) Finally, Dey argues that Entry 1902 is privileged because it contains notes generated by the inventor of the '496 patent that memorialized a telephone conference and outlined future conversations with Dey's patent counsel. (*Id.*)

## III. Discussion

The local rules in this district require that a party withholding a document on the basis of privilege provide complete identifying information, date, type of document, and subject matter "at the time of the response to . . . discovery [.]" Local Civil Rule 26.2(c). Withholding privileged materials without including the material in a privilege log "may be viewed as a waiver of the privilege or protection." FED. R. CIV. P. 26 Advisory Committee Notes; *see also Nnebe v. Daus*, 06 Civ. 4991 (KMK) (AJP), 2007 WL 1310140, *1 (S.D.N.Y. May 3, 2007); *Chase*

*Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992) (noting that

failure to comply with the privilege log requirement of former Local Rule 46(e)(1) may result in

a finding that the privilege has been waived). It has been observed that "only 'flagrant'

violations of these rules should result in a waiver of privilege." *Pem-America, Inc. v. Sunham*

*Home Fashions, LLC,* No. 03 Civ. 1377 (JFK) (RLE), 2007 WL 3226156, *2 (S.D.N.Y. Oct. 31,

2007). Whether waiver is warranted depends on such factors as the length of the delay, the

willfulness of the transgression, and the harm to other parties. *Schiller v. City of New York,* 245

F.R.D. 112, 118 (S.D.N.Y. 2007) (citing *APF Imaging Corp. V. Philips Medizin Systems*, No. 92

Civ. 6211 (LMM) (THK), 1993 WL 541194, at *3 (S.D.N.Y. Dec. 28, 1993)).

Here, the factors militate in favor of finding that Dey waived privilege by withholding

the documents at issue for approximately two years without noting them in a privilege log.

Although there is no evidence that Dey's delay was willful, the length of the delay is substantial,

and Sepracor has been prejudiced as a result.

Dey appears to have acted in good faith because the initial April 2008 privilege log

contained entries for all of the documents at issue. Accordingly, this case is distinguishable from

the factual circumstances in the cases relied upon by Sepracor where waiver was found after a

party did not provide any privilege logs for withheld documents in a timely manner. *See Hurst*

*v. F.W. Woolworth Co.*, 95 Civ. 6584 (CSH), 1997 WL 61051 (S.D.N.Y. Feb. 11, 1997); *Baron*

*Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.,* 87 Civ. 6820 (LMM) (NRB), 1995

WL 86476 (S.D.N.Y. Mar. 1, 1995); *Bruker v. City of New York*, 93 Civ. 3848 (MGC) (HBP),

2002 WL 484843 (S.D.N.Y. Mar. 29, 2002). Here, Dey initially claimed privilege to the

documents at issue, but later withdrew that claim in a subsequent privilege log. Dey argues that

it removed the documents not because they weren't privileged, but because they determined that

4

they weren't relevant to any of the claims or defenses in the case. (Dey Letter at 3.) Although

relevance may have been Dey's rationale for removing the documents, Dey did not provide such

an explanation at the time the documents were removed. Rather, when the revised privilege log

was served on Sepracor, Dey stated in a letter that it expected to produce by early the following

week "additional responsive documents that it has reconsidered claiming privilege on and

removed from its privilege log." (Aug. 12 Letter, Ex. 2 at 1.) It wasn't until five months after

Sepracor requested Dey produce the ostensibly "reconsidered" documents that Dey reasserted

privilege. This second claim of privilege came approximately two years after the documents had

been removed from the revised privilege log.[1]

Discovery is now closed, and Sepracor would be prejudiced if Dey is allowed to claim

privilege at this late stage of the litigation. Dey asserts that Sepracor is not prejudiced because

the documents at issue are not relevant to any claims or defenses. The Court notes, however, that

Dey implicitly recognized the documents were relevant when it included them in its April 2008

privilege log.[2] In any case, the question before the Court pertains only to whether Dey waived

privilege. The relevance of the documents at issue is only probative of that question to the

extent that relevance indicates how much Sepracor has been prejudiced as a result of Dey's two-

year delay in asserting privilege. Based on Sepracor's statements about the potential relevance

---

[1]Dey asserts that Sepracor bears responsibility for the two-year delay because it did not request the removed documents until February 2010. The Court finds Dey's argument unpersuasive. Sepracor had previously requested the documents at issue in the document requests that led to Dey's initial assertion of privilege. After retracting its privilege claim to these documents, Dey informed Sepracor that it expected to produce the documents it no longer claimed were privileged by early the following week. Although Sepracor could have been more diligent in monitoring Dey's production of those documents, the extremely large volume of documents served upon both parties makes Sepracor's failure to recognize that the promised documents had not been disclosed earlier reasonable. The ultimate responsibility for the delay falls on Dey, the party who initially asserted, and later retracted, the claim of privilege.

[2]The Court has reviewed Entry 1902, which was submitted for *in camera* review by Dey, and the Court is unable to conclude whether the document is relevant without further briefing on Sepracor's inequitable conduct allegations. The Court also notes that the document should have been produced as part of a previous *in camera* review. (*See* Aug. 12 Letter, Ex. 6.) The Court is ultimately unable to determine the relevance of the remaining documents based on the evidence presented and without reviewing the documents *in camera*.

of the documents at issue to its inequitable conduct allegations, the Court determines that Sepracor has been sufficiently prejudiced to warrant a finding that waiver is appropriate in this case, particularly when the prejudice is coupled with the length of Dey's delay in asserting the privilege. Moreover, one of the purposes of the rules requiring the timely submission of privilege logs is to provide sufficient information to allow other parties to assess the claim, allowing for disputes over the assertion of the privilege to be resolved quickly and efficiently. *See* FED. R. CIV. P. 26(A)(ii). Dey's extremely delayed claim of privilege subverts this purpose by forcing Sepracor to challenge Dey's reassertion of privilege long after the documents were removed from the privilege log, and after discovery has closed.

## IV. Conclusion

For the foregoing reasons, Dey has waived privilege to the documents at issue. Sepracor's request is **GRANTED**, and Dey is ordered to produce the 170 documents from its July 2010 privilege log.

**SO ORDERED this 8th day of December 2010**
**New York, New York**

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**